Milligan, J.,
delivered the opinion of the Court.
This is a motion to correct the taxation of costs. The facts necessary to be noticed, are as follows:
On the 25th of August, 1865, the plaintiff in error recovered four separate judgments, before a Justice of the Peace of G-reene County, against the defendant, A. E. Dinsmore, amounting, in the aggregate, to about the sum of $1,200. Executions issued thereon, which came to the hands of A. W. Walker, Sheriff of the county, and were levied on the land of the execution debtor, and returned to Court. The land was condemned, and four orders of sale issued. The Sheriff advertised under each order of sale, and on the 8th day of January, 1866, struck off and'sold the land to the plaintiff in error, at the debt and costs in each case, and made his return to Court, setting forth the amount of the several bids, and the fact that he had retained his regular commissions and the printer’s fee, in the four cases.
At the February Term of the Court following, 1866, the plaintiff in error moved the Court to correct the taxation of costs, by striking out the commissions retained by the Sheriff, and all the printer’s fees, except *237 in one case. The Court overruled the motion; from which an appeal, in error, was prosecuted to this Court.
The bill of exceptions shows, that in this transaction, no money was paid by the purchaser, and none came into the hands of the Sheriff.
Under this state of facts, the first question presented for our determination, is, whether the Sheriff is entitled to commissions upon the amount of the bid at which the land was struck off and sold to the ex-, ecution creditor? The Statute. provides, that the Sheriff shall receive, for collecting money on executions, on the first hundred dollars, $4.00, and for every hundred over one, and not exceeding three, $3.00, and for every hundred over three, $2.00. No provision is expressly made by the Statute for his compensation, where the land seized is sold at public sale, and bid in by the execution creditor. The execution in this case, was satisfied by the sale, and the duty imposed by law upon the Sheriff, discharged, and it would be anomalous, indeed, if no compensation could be allowed him for his performance. No “money,” in the language of the Statute, was collected; but the land sold, was voluntarily accepted by the creditor, in lieu of the money, and thereby, under our practice, the execution satisfied.
The Sheriff did all he was commanded to do by law. He could not do more under his process. Every duty and responsibility enjoined by it, were assumed. and faithfully discharged; and we think, by a fair and just interpretation of the Statute, he is entitled *238 to compensation for bis services. The execution creditor was not bound to bid in the land. He did it at bis own option, and it is to be presumed, for his own interest. Strictly, the Sheriff might have demanded of him, as of any other purchaser, the payment of his bid, at which the land was struck off, and returned it with the fieri facias, into Court, when it would have been paid over by the Clerk, to the judgment creditor. But, such has not been our practice, and we have no disposition to disturb it. It has been sanctioned by long usage, and it is doubtlessly often convenient and highly beneficial to both parties.
The cases of Cross vs. The State, 1 Yer., 261, and Barnes vs. Jackson, 2 Sneed, 416, relied on in argument, are not in conflict with this view of the Statute. They are both essentially different in their facts, and inapplicable to the case now under consideration. In neither of these cases, was the money collected by the officer, or the mandates of the process — as in this case— complied with, by an actual sale of the property, and return of the execution into Court.
The services in these cases, imposed by law, were not performed by the officers, and the decisions were properly rested on that ground. In this case, every duty was discharged; and it can make no difference, if the Sheriff did not receive the money, safely keep it, and count it over to the judgment creditor, so he otherwise, by an actual levy and sale, lawfully satisfied the execution, and properly returned it to the Court.
2d, It is insisted that the Court erred in refusing to strike out three of ' the printer’s fees, p taxed in the bill *239 of costs. The record, as before stated, shows that there were four actions before the Justice, between the same parties — four judgments, four executions — and levied on the same land, with four orders of sale, and separate advertisements in each case. The number of advertisements, we think, was wholly unnecessary. The requirements of the Statute would have been as well satisfied by the publication of one notice of sale, as by four. Nothing whatever was gained, either to the’ debtor or the creditor, by the course adopted in this case. The object of the advertisement, is to give public notice of the time and place of the sale, and the kind of property to be sold, so as to induce the attendance of bidders; otherwise, the property might be sacrificed, to the injury of both parties.
All that is required by the Statute, Code, sec. 2149, to appear in the notice, is, the names of the plaintiff and defendant, or parties interested — a description of the land, and the time and place of the sale. Ordinarily, by our practice, the proceedings under which the sale is ordered, is briefly mentioned in the advertisement; but this is not absolutely demanded by the Statute. It is, however, perhaps, proper enough; but when there is more than one order of sale, between the same parties, there can be no reason why they should not be condensed in the same advertisement.
The judgment of the Circuit Court, we think, in this particular, is erroneous, and the correction will be made here.